UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NORTH BEACON 155 ASSOCIATES, ASSOCIATES, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-11750-LTS |
| MESIROW FINANCIAL INTERIM MANAGEMENT LLC., and MESIROW FINANCIAL CONSULTING LLC | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

September 29, 2015

SOROKIN, J.

**I.    Introduction**

Plaintiff North Beacon 155 Associates LLC ("North Beacon") has filed an Amended Equity Complaint against Defendants Mesirow Financial Management LLC ("Mesirow Financial") and Mesirow Financial Consulting LLC ("Mesirow Consulting") (collectively "Mesirow") centering around debts that a fourth company, Spectrowax Corporation ("Spectrowax"), owes North Beacon. See generally Doc. No. 14.  The gravamen of North Beacon's Complaint is that Mesirow, acting as a "Liquidating Trustee" for Spectrowax, has improperly failed to marshal Spectrowax's assets and use them to pay North Beacon, an unsecured creditor of Spectrowax.  See generally id.  North Beacon raises what the Complaint calls four "equity claims" against Mesirow: 1) Declaratory Judgment; 2) Specific Performance;

3) Class Action; and 4) Constructive Trust.  Id. at 24-30.  Mesirow has filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.  Doc. No. 17.  After careful review of the briefs, and for the reasons set forth below, Mesirow's motion is ALLOWED.[1]

## II.    Alleged Facts

As the Court deals with a Motion to Dismiss, it draws this factual recitation almost exclusively from North Beacon's Amended Equity Complaint and attached exhibits.  See Gonzalez-Cancel v. Partido Nuevo Progresista, 696 F.3d 115, 116 (1st Cir. 2012).  North Beacon is an unsecured creditor of Spectrowax, which owes North Beacon approximately $400,000 in outstanding debts.  Doc No. 14 at 1.  In 2008, Spectrowax represented to its creditors, including North Beacon, that it was going out of business, and "that creditors should file proof of a claim with Mesirow, a Spectrowax agent." Id. ¶ 6.  Instead, Spectrowax covertly transferred assets to shield them from creditors and uses those assets to continue operating its business, earning income and depriving creditors of payments for their debts.  See, e.g, id. ¶ 7-17, 19-27, 32, 42-50.

One particular Spectrowax relationship bears mentioning.  As of 2008, Spectrowax owed $4 million to Rosenthal & Rosenthal, Inc. ("R&R"), a preferred creditor with a security interest in all of Spectrowax's assets.  Id. ¶ 33-34, Doc. No. 15-3 at 2.  In 2008, Dynasol Corporation ("Dynasol") and Supreme Industrial Products, Inc. ("Supreme") together purchased all of Spectrowax's assets.  Doc. No. 15-3 at 2.  R&R, per its agreement with Spectrowax, approved the sale, and Supreme and Dynasol made all future payments to R&R.  Subsequently, R&R released Spectrowax's debt, Pinnacle Industries, Inc. ("Pinnacle") acquired Dynasol, and Pinnacle continued Dynasol's payments to R&R.  Id.

---

[1] North Beacon requested oral argument for this motion, but the Court deemed that unnecessary.

When Spectrowax sold its assets to Supreme and Dynasol, R&R "allow[ed], under certain conditions, a portion of the proceeds of its collateral to be made available for distribution to unsecured creditors." See Doc. No. 15 at 1. Mesirow was "employed [by Spectrowax] to receive the funds from [R&R] and distribute funds to creditors," id.; see Doc. No. 14 ¶ 109, and Mesirow sent creditors, including North Beacon, a letter ("Broadcast Letter"), dated March 26, 2008, informing them of this. See Doc. No. 14 at 2; see also Doc. No. 15 (the Broadcast Letter). In the letter, Mesirow characterized its role "as Liquidation Agent for [Spectrowax] for distribution." Doc. No. 15. Per Mesirow's contract with Spectrowax, either party "may terminate the Agreement at any time by giving written notice to the other party not less than ten (10) calendar days . . . before the effective date of termination." Doc. No. 18-2 at 5.[2] Spectrowax no longer has the assets whose sale would provide money to pay unsecured creditors—those assets reside with Supreme, Dynasol, and Pinnacle. See Doc. No. 15-3 at 2.

In addition to this litigation, North Beacon has brought a Uniform Voidable Transactions Act suit against Spectrowax, Supreme, Dynasol, Pinanacle, and assorted individuals in Massachusetts Superior Court, alleging, inter alia, that Spectrowax fraudulently transferred assets to those defendants. See id. On October 24, 2014, the court denied Spectrowax's motion for summary judgment, noting that "certain 'Badges of Fraud' exist[ed]." Doc. No. 14 ¶ 18.

### III. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim

---

[2] Although the contract between Spectrowax and Mesirow is not attached as an exhibit, the Court may still consider it at the Motion to Dismiss stage since it is "integral to or explicitly relied upon in the complaint." Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000); see also Som v. Daniels Law Offices, P.C., 573 F. Supp. 2d 349, 357 n. 6 (D. Mass. 2008) ("The complaint refers to the [contract], and plaintiff expressly relies on this contract in asserting her claims. Accordingly, the Court may consider the contract without converting the defendants' motion to dismiss into a motion for summary judgment.").

to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff[]." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  "[F]actual allegations" must be separated from "conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely a conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (internal quotations omitted).  This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992).  Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

While the Court typically "may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment," Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F. 3d 30, 33 (1st Cir. 2001),  there is an exception "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson, 987 F.2d at 3.

### IV. Discussion

North Beacon posits four claims for relief against Mesirow.  Count I seeks a declaratory judgment on a multitude of issues.  Doc. No. 14 ¶¶ 93-96.  Count II seeks an order of specific

performance against Mesirow, to "gather[] and distribut[e] Spectrowax's assets." Id. ¶ 105. Count III seeks to bring a class action, on behalf of other Spectrowax creditors. Id. ¶ 108-13. And Count IV asks the Court to "enter an Order requiring [Mesirow] to seek a Constructive Trust for the benefit of unsecured creditors and to ensure unsecured creditors are paid in full." Id. ¶ 115.

Before going into a discussion of the individual claims, one point bears mentioning. All of North Beacon's claims require that Mesirow owed North Beacon a duty to assemble Spectrowax's assets from other parties—as the Complaint does not allege Mesirow possesses any of the assets in question—and distribute them to unsecured creditors, such as North Beacon. If Mesirow does not owe North Beacon a duty, then all of North Beacon's claims must fail. Because whether or not a duty exists is so essential, the Court addresses this issue before turning to the individual claims.

A)   Mesirow's Duty

North Beacon's Complaint seems to offer two potential theories for the existence of a duty. The first is a contract theory, and the second is that Mesirow was a trustee of Spectrowax's assets. In opposing Mesirow's motion, North Beacon mentions a third source, one that emerged once Spectrowax entered the "Zone of Insolvency." Doc. No. 19 at 7. The Court examines each of these theories in turn. The Court then discusses two other theories North Beacon did not raise that could potentially support a duty. As explained below, the Court finds that Mesirow has no duty to North Beacon under any of these theories.

i)   Contract Theory

The Court infers a potential contract theory because North Beacon seeks specific performance, a contractual remedy. Doc. No. 14 ¶ 105; see Greenfield Country Estates Tenants

Ass'n, Inc. v. Deep, 666 N.E.2d 988, 994 (Mass. 1996). Under Massachusetts law, "the essential elements of an executory contract . . . [are] offer, acceptance, and consideration." Quinn v. State Ethics Comm'n, 516 N.E.2d 124, 127 (Mass. 1987). "An offer is the manifestation of willingness to enter into a bargain made in such a way as to justify the other person in understanding that his assent will conclude the agreement." I & R Mech., Inc. v. Hazelton Mfg. Co., 817 N.E.2d 799, 802 (Mass. 2004). "Acceptance occurs when the offeree gives the return requested in the offer." Id. "[F]or a contract to have valid consideration, the contract must be a bargained-for exchange in which there is a legal detriment of the promisee or a corresponding benefit to the promisor." Neuhoff v. Marvin Lumber and Cedar Co., 370 F.3d 197, 201 (1st Cir. 2004).

North Beacon cannot demonstrate that a contract existed. The only conceivable basis for a contract between North Beacon and Mesirow is the Broadcast Letter. However, the Broadcast Letter contains none of the three requisite elements. The Broadcast Letter is not an offer, as it in no real sense manifests any willingness on Mesirow's part to enter into a deal with North Beacon. It simply explains the terms of the arrangement Mesirow has with Spectrowax. See Doc. No. 15. There also is no acceptance, as North Beacon did not respond in any way to the Broadcast Letter—notwithstanding the fact that there was nothing to respond to. Finally, consideration is also lacking, as the Complaint fails to allege any bargaining between North Beacon and Spectrowax, and neither party gained any benefit or suffered any detriment at the hands of the other. Therefore, Mesirow has no contractual duty towards North Beacon.[3]

---

[3] Although North Beacon does not explicitly argue this point, it does allude to Mesirow's status as an agent potentially binding Mesirow to the contract of its principal, Spectrowax. See Doc. No. 19 at 4. Assuming, without deciding, that Spectrowax had a contract with its unsecured creditors, agency law cannot provide the basis for a contract between Mesirow and those creditors. "The law is settled in Massachusetts that, '[u]nless otherwise agreed, a person making or purporting to make a contract for a disclosed principal does not become a party to the contract.'" Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988) (quoting Porshin v. Snider, 212 N.E.2d 216, 217 (1965)) (alteration in original). As Mesirow unambiguously disclosed its principal in

    ii)    Trusteeship Theory

The Court infers a potential trusteeship theory on the basis of North Beacon's frequent characterizations of Mesirow as Spectrowax's "Liquidating Trustee." <u>See, e.g.</u>, Doc No. 14 at 1. A party's status as a trustee "is a legal conclusion that the court is not required to accept." <u>Green v. Charter One Bank, N.A.</u>, 640 F. Supp. 2d 998, 1004 (E.D. Ill. 2009); <u>see</u> <u>Soto-Torres v. Fraticelli</u>, 654 F.3d 153, 156 (1st Cir. 2011) ("We do not accept the complaint's legal conclusions or 'naked assertions devoid of further factual enhancement.'") (quoting <u>Iqbal</u>, 556 U.S. at 678). Therefore, North Beacon needs to plead facts supporting this assertion. It has not done so.

First, North Beacon does not allege <u>any</u> facts that point to trust formation, such as Mesirow's appointment by a court or the creation of a trust <u>res</u>. Second, the Broadcast Letter never characterizes Mesirow's role as a trustee of any type, instead referring to Mesirow as a "Liquidation Agent." Doc. No. 15 at 1. Third, Mesirow's contract with Spectrowax makes no reference to a trust relationship. <u>See generally</u> Doc. No. 18-2. And fourth, the Amended Complaint itself refers to Mesirow as an <u>agent</u> of Spectrowax. Doc. No. 14 ¶ 6. In light of the above, the Court disregards North Beacon's labeling of Mesirow as a "Liquidating Trustee," and finds that Mesirow does not owe Spectrowax any trust-based duty.

    iii)    Zone of Insolvency Theory

In its opposition, North Beacon cites a third trigger for Mesirow owing it a duty—Spectrowax's entry into the "Zone of Insolvency." Doc. No. 19 at 7. North Beacon relies on a

---

the Broadcast Letter, Doc. No. 15 at 1 ("The Carve Out will be paid to Mesirow Financial Consulting, LLC as Liquidation Agent for [Spectrowax] for distribution as described below."), and North Beacon has not pled any facts that any party "otherwise agreed," Mesirow is not bound by any contract Spectrowax may have had with its unsecured creditors.

case from the Delaware Court of Chancery, Quadrant Structured Prod Co., Ltd. v. Vertin, 102 A.3d 155 (Del. Ch. 2014) for this proposition.

Assuming, without deciding, that Spectrowax was in fact in the Zone of Insolvency, and assuming without deciding that the Court should apply this concept—rooted in Delaware law, see Nisselson v. Lernout, 568 F. Supp. 2d 137, 147 (D. Mass. 2008)—to this case, North Beacon still falls short. The Zone of Insolvency doctrine holds that, "[b]ecause the creditors of an insolvent corporation join the class of residual claimants, 'equitable considerations give creditors standing to pursue derivative claims against the directors of an insolvent corporation.'" Quadrant, 102 A.3d at 172 (quoting N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla, 930 A.2d 92, 102 (Del. 2007)) (emphasis added). As North Beacon has not pled any facts showing that Mesirow is a director of Spectrowax, the Zone of Insolvency theory fails to create a duty.

   iv)      Third-Party Beneficiary Theory

Besides the three theories North Beacon offers, a fourth potential theory that suggests itself is that North Beacon is a third-party beneficiary of the contract between Mesirow and Spectrowax. Assuming, without deciding, that North Beacon is a third-party beneficiary,[4] it points to nothing in the contract that makes Mesirow a trustee of Spectrowax, able to take control of assets involuntarily, or that it ever received any assets. Therefore, this theory cannot support a duty.

   v)      Fraud Theory

---

[4] "Under Massachusetts law, to prevail on a third-party beneficiary claim, a plaintiff must establish that 'the language and circumstances of the contract show that the parties to the contract clearly and definitely intended the beneficiary to benefit from the promised performance.'" Cooper v. Charter Commc'n Entm'ts I, LLC, 760 F.3d 103, 109 (1st Cir. 2014) (quoting Cumis Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc., 918 N.E.2d 36, 44 (Mass. 2009)).

Finally, because North Beacon alleges fraudulent activities on the part of Spectrowax, the Court looks to fraud as a source of duty for Mesirow. However, none of the facts in the Amended Complaint allude to any specific conduct of <u>Mesirow</u>. It does not allege that Mesirow was a part of the fraud, and it does not say that Mesirow aided any of Spectrowax's fraud. Beyond this, North Beacon has not pled any potential fraud with the requisite particularity. <u>See</u> <u>N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale</u>, 567 F.3d 8, 13 (1st Cir. 2009) ("[Federal Rule of Civil Procedure] 9(b) requires not only specifying the false statements and by whom they were made but also identifying the basis for inferring scienter."). Therefore, fraud cannot supply a duty.

B)     Declaratory Relief

In Count I, North Beacon seeks four declarations against Mesirow. Specifically, it seeks declarations : 1) "concerning the scope and role of [Mesirow,] given that the Massachusetts Superior Court has held that [R&R] released the debt owed by Spectrowax to it which clears the way for unsecured creditors to be paid in full . . . [,]" Doc. No. 14 ¶ 93; 2) "a declaratory judgment compelling or ordering [Mesirow] to gather, collect and remit the all [sic] monies secreted or retained by Spectrowax and its agents . . . and to utilize said funds to pay unsecured creditors like North Beacon . . . [,]" <u>id.</u> ¶ 94; 3) "for the Court to order, monitor and oversee [Mesirow] collect [sic] and distribute the funds now being remitted to [R&R] . . . [,]" <u>id.</u> ¶ 95; and 4) "that the actions of Mesirow, or an affiliate, constituted an artifice which were designed and formulated solely to assist Spectrowax, and its allies, carry out the elaborate transfer and business transaction described herein—and not to support, nor assist, unsecured creditors, a role they informed unsecured creditors they undertook." <u>Id</u>. ¶ 96.

The First Circuit has observed that the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, "is designed to enable litigants to clarify legal rights and obligations before acting upon them." Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 534 (1st Cir. 1995). The Court "retain[s] substantial discretion in deciding whether to grant declaratory relief." Id. One key consideration is "whether granting relief would serve a useful purpose, or, put another way, whether the sought-after declaration would be of practical assistance in setting the underlying controversy to rest." Rhode Island v. Narragansett Indian Tribe, 19 F.3d 685, 693 (1st Cir. 1994).

Because no duty, and thus no legal relationship, exists between North Beacon and Mesirow, declaratory relief is inappropriate. The Complaint revolves around misdeeds Spectrowax committed, and focuses on assets held by entities such as Dynamo and Pinnacle. None of these entities are parties in this litigation, and thus unable to present arguments about why assets they currently hold should remain with them. Further, there is currently litigation pending in Massachusetts state court, involving those parties, regarding the question underlying North Beacon's entire case against Mesirow—the propriety of Spectrowax's asset transfers. See Doc. No. 14 ¶ 18; cf. Wilton v. Seven Falls Co., 515 U.S. 277, 290 (1995) ("[T]he District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court."). In light of the absence of any legal relationship between North Beacon and Mesirow, the absence of important entities from this litigation, and the pending state litigation that both includes those entities and addresses the fundamental issue of this case, the Court ALLOWS Mesirow's motion for Count I.

C) Specific Performance

Count II seeks to compel Mesirow to "gather[] and distribut[e] Spectrowax's assets." Doc. No. ¶ 105. Under Massachusetts law, "[s]pecific performance is an equitable remedy." Greenfield Country, 666 N.E.2d at 994. Because Mesirow owed North Beacon no duty to perform, North Beacon has no basis to compel specific performance. North Beacon cannot make out a breach of contract claim against Mesirow because, as explained above, no contract existed between them. Moreover, North Beacon cannot compel Mesirow's specific performance of Mesirow's contract with Spectrowax when it points to no provision requiring Mesirow to gather assets belonging to someone else and distribute them to unsecured creditors. For these reasons, Mesirow's motion is ALLOWED for Count II.

D) Constructive Trust

In Count IV, Mesirow requests "an Order requiring [Mesirow] to seek a Constructive Trust for the benefit of unsecured creditors and to ensure unsecured creditors are paid in full." Doc. No. 14 ¶ 115. Similar to specific performance, "[c]onstructive trusts are not substantive rights that confer a cause of action; they are remedial devices employed by courts once liability is found and where equity requires." In re Handy, 624 F.3d 19, 22 (1st Cir. 2010). Under Massachusetts law, "[a] constructive trust may be said to be a device employed in equity . . . in order to avoid the unjust enrichment of one party at the expense of the other." Barry v. Covich, 124 N.E.2d 921, 924 (Mass. 1955). Courts may impose constructive trusts "where legal title to the property was obtained by fraud or in violation of a fiduciary relation or arose where information confidentially given or acquired was used to the advantage of the recipient at the expense of the one who disclosed the information." Id.

These circumstances are not present here. Assuming, <u>arguendo</u>, that Supreme, Dynamo, and Pinnacle acquired Spectrowax's assets through any of the circumstances that call for a constructive trust, that would only provide justification for North Beacon to impose a constructive trust on <u>those</u> parties. North Beacon has pled no facts showing that Mesirow has taken unfair advantage of North Beacon or possesses any assets that belong to North Beacon. Because of this, the motion is ALLOWED for Count IV.

E) Class Action

In Count III, North Beacon seeks to bring a class action for all of Spectrowax's unsecured creditors. North Beacon's failure to maintain an underlying claim against Mesirow precludes it from bringing claims on behalf of the class. <u>See</u> <u>Cruz v. Farquharson</u>, 252 F.3d 530, 533 (1st Cir. 2001) ("Despite the fact that a case is brought as a putative class action, it ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved."). Accordingly, the motion is ALLOWED for Count III.

F) North Beacon's Additional Arguments

North Beacon raises a handful of additional arguments in its opposition. None of these, individually or collectively, are enough to defeat the motion. First, North Beacon asserts that Spectrowax has not dissolved and is still an active business. Doc. No. 19 at 3-4, 5-6. This point is immaterial. It does nothing to change the fact that Mesirow owes North Beacon no duty, that none of the parties to the transfer of Spectrowax's assets are involved in this litigation, that equity opposes North Beacon's proposed remedies, and that Mesirow possesses none of the relevant assets, per the Amended Complaint. For all the same reasons, North Beacon's claims that R&R is no longer one of Spectrowax's creditors, that Dynasol paid nothing to Spectrowax

for Spectrowax's assets, or that other parties besides Mesirow have assets that can go towards paying unsecured creditors are all unavailing. See id. at 7-9.

North Beacon posits one other point in its brief. It asserts that because the Massachusetts Superior Court denied the state court defendants' summary judgment motion, and did so because it found "Badges of Fraud," both res judicata and the Rooker-Feldman doctrine[5] prevent Mesirow from arguing that no such badges existed. Id. at 4-5. As Mesirow is not a party to the state court lawsuit, these doctrines do not apply. Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 52 (1st Cir. 2008) ("The operation of res judicata requires the presence of three elements: '(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) final judgment on the merits.'") (quoting Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005)). The state court litigation has not proceeded to final judgment, but rather has simply denied a motion for summary judgment. Doc No. 14 ¶ 18. Further, North Beacon is not a party in the state action, and Mesirow has not produced evidence showing Mesirow in privity with any party. Id. Therefore, res judicata is inapplicable.

G) Dismissal With Prejudice

The last issue for this Court to decide is whether or not to dismiss the Complaint with prejudice. Unlike the scenario where a plaintiff's Complaint contains insufficient factual matter to support its otherwise-cognizable legal claims, North Beacon's underlying legal claims simply are untenable. Therefore, the Court shall dismisses the motion with prejudice.

**V.    Conclusion**

---

[5] The doctrine derives its name from the two cases at its foundation—Rooker v. Fid. Tr Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

For the reasons stated above, Mesirow's Motion to Dismiss, Doc. No. 17, is ALLOWED.

The Clerk shall enter judgment dismissing this action in favor of Mesirow and close this matter.

        SO ORDERED.

        /s/ Leo T. Sorokin
        Leo T. Sorokin
        United States District Judge